Oldham, Judge.. This was an action of covenant upon two writings obligatory, executed on the 25th day of December, 1833, each for a road wagon, payable on the days specified, by Sloan to Hughes. The plea filed avers that the covenants sued upon were executed for and in consideration of an improvement, represented by the plaintiff to be on the public land of the United States, when in truth and in fact the said improvement was on the sixteenth section land appropriated for the purposes of education. The first question presented is, whether this plea interposes a sufficient defence to defeat the jrlaintiff’s action. It does not in any manner whatever, show a want or failure of consideration, but on ■the other hand, shows a good and sufficient consideration to uphold each of tire covenants. Settlers upon the public lands often make valuable improvements thereon, and which frequently become the subject of barter and sale. The occupant cannot transfer the right of soil, which is in the government, but only the improvement upon the land, with the right to occupy the improvement, disconnected from any right to the soil, and subject to the paramount rights of the United States. In this case, whether the improvement was upon the lands of the United States, or upon the lands appropriated for the purposes of schools, is wholly immaterial. The improvements, and not the land, constituted tire object of the purchase, and the title tó the fee was equally adverse to the occupant, whether in the United States, or the inhabitants of the township. The facts set up by the plea cannot be regarded as impeaching the covenants, upon the ground of fraud. A misrepresentation, which will avoid a contract upon the ground of fraud, must he in respect to a material fact, operating as an inducement or consideration to the contract, and must have operated actually to mislead, to his injury, the party trusting to it: for if he knew, at the time that it was made, that it was false, it could have had no influence upon his decision. Foster v. Charles, 6 Bing. 396, S. C. 7 Bing. 105. 2 Kent Com 39. 1 Sto. Eq. Juris, secs. 202, 203. The plea does not show that the representation, in any respect, operated as an inducement to the contract, or that Sloan placed any reliance upon it, and consequently he was not mislead by it to his injury. The plea does not show whether or not Sloan knew, at the time the contract was made, that the improvement was upon the sixteenth section. It is to be presumed that he did know, for it is a rule that every pleading will be construed most strongly against the party pleading. Knowing the fact, he was not injured by the misrepresentation. If at the time of the purchase the land had been surveyed, and the improvement was situated on the sixteenth section, that fact was equally accessible to both parties, equally within their reach, and therefore, if Sloan, relied upon the opinion of Hughes, upon the subject, when he had an equal opportunity to ascertain for himself, it was at his peril. “The law affords to every one reason'able protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly; or a careless indifference to the ordinary and accessible means of information. It is the duty of the purchaser to apply his attention to those particulars, which may be supposed to be within the reach of his observation and judgment, and if he be wanting in attention to those points, when attention would have been sufficient to protect him from surprise or imposition, the maxim caveat em/ptor, ought to apply.” "2 Kent's Com. 485. If at the time of the sale of the improvement, the land, upon which it was situated, was unsurveyed, a fact which does not appear from die plea, but was assumed in argument at the bar, then the representation was true and not false, for the land was public land of the United States, and the title remained in the United States until the sixteenth section was ascertained by actual survey, when by virtue of the act of Congress it vested in the inhabitants of the township for the use of schools. We consider the plea manifestly defective either as alleging a want or failure of consideration or averring fraud. The defendant in error insists that under the Rev. Statutes ch. 116, sec. 118, 5, 8 and 9 divisions, the defects of the plea are cured by verdict. The statute cited but asserts a principle of the common law, and is not more extensive in its application. The doctrine of the common law, as to defects cured by intendment after verdict, is thus laid down by 1 Chit. P. 712 “the general principle, upon which it depends, ap pears to be, that when there is any defect, imperfection or omission in any pleading, whether in substance or form, winch would have been a fatal objection upon demurrer; yet if the issue proved be such as necessarily required, on the trial, proof of the facts, so defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the Judge would have directed the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict.” The plea in this case is too palpably defective to be cured by'verdict. The objection to the plea is not, that it contains a defective statement of a good defence to the action, but that the defence set up is defective and insufficient. It is insisted for the defendant that the declaration is defective, in not averring a special demand of payment of the wagons. A specific time was fixed for payment. It was the duty of the debtor to pay upon the day, or be ready to pay at such place as the law would designate as the place of payment,- otherwise a right of action accrued against him to the creditors without any special demand. Other questions have been argued by counsel, but we do not conceive them to be legitimately before us for determination. . The judgment must be reversed and the cause remanded, with leave to the defendant to plead de novo if it shall be desired.